**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 30, 2026

**BY ECF AND EMAIL**
The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

REQUEST GRANTED.

10/1/2026 SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**Re: *United States v. Giordy Bido Jimenez*, 26 Cr. 108 (LJL)**

Dear Judge Liman:

The Government respectfully writes pursuant to Rule 8F of the Court's Individual Rules to request the continued redaction and sealing of certain portions of the Government's September 30, 2026 supplemental sentencing submission. Specifically, the Government seeks to file under seal Exhibit A, which is comprised of approximately sixteen victim impact statements.

The victim impact statements contained in Exhibit A are deeply personal, detailed submissions that describe (i) the profound physical and psychological effects the victims have experienced from the dissemination of videos and images of their sexual abuse, (ii) the harms the victims have suffered from their sexual abuse, (iii) the victims' past and present mental states, and (iv) their relationships to their abusers, families, and others. The victims have a significant privacy interest in this information. These privacy interests cannot be addressed through redaction.

*First*, the statements cannot reasonably be anonymized: If redactions are limited, those close to the victims (including abusers) could infer victims' identities from the contents of the statements. And if redactions are substantial, the statements would be "render[ed] unintelligible." *United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995). *Second*, even if the statements could reasonably be redacted, the victims themselves would know that their statements were publicly available, which would invade their privacy and tend to revictimize them; victims likely would suffer anxiety and fear about being associated with their public statements. *Third*, making victim statements public, even with redactions, will tend to discourage future victims from submitting statements or providing details that are important for the Government (in investigating child sexual abuse crimes) and for sentencing courts (in considering cases).

Accordingly, the Government requests that Exhibit A be maintained under seal to protect the privacy rights of minor victims, *see* 18 U.S.C. § 3509(d)(2), and to protect victims' rights "to be treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8); *see Amodeo*, 71 F.3d at 1050 ("The privacy interests of innocent third parties should weigh heavily in a court's balancing equation.") (cleaned up).

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

by: ____________/s/______________________________
Dana R. McCann
Assistant United States Attorney
(212) 637-2308

cc: Andrew Dalack, Esq., Counsel for Giordy Bido Jimenez (via ECF and email)